NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**KENNETH S. PINCKNEY,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

_____

2012-7033

_____

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-3657, Judge Robert N. Davis.

_____

Decided: May 11, 2012

_____

KENNETH S. PINCKNEY, Cross, South Carolina, pro se.

COURTNEY S. MCNAMARA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director,

and REGINALD T. BLADES, JR., Deputy Director.  Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and MEGHAN D. HERNANDEZ, Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before RADER, *Chief Judge*, PLAGER, and LINN, *Circuit Judges*.

PER CURIAM.

Kenneth S. Pinckney seeks review of a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court").[1]  In the parts of that decision relevant to this appeal, the Veterans Court affirmed an August 5, 2008, decision of the Board of Veterans' Appeals ("Board") that denied Mr. Pinckney's claims for service connection for hemorrhoids and increased disability ratings for his service-connected right and left hip disorders.[2]  Because Mr. Pinckney does not raise any issues within our jurisdiction, we *dismiss* his appeal.

## BACKGROUND

Mr. Pinckney served on active duty in the United States Air Force from January 1979 to April 1987.  In

_____

[1]  *Pinckney v. Shinseki*, No. 08-3657, 2010 WL 3934369 (Vet. App. Oct. 6, 2010).

[2]  The Veterans Court's decision also remanded Mr. Pinckney's claim for service connection for a bladder disorder claimed as secondary to a service-connected lumbar spine disorder.  In his briefs, Mr. Pinckney acknowledges but does not challenge the Veterans Court's decision to remand his claim for readjudication by the Board.  Thus, the Veterans Court's remand decision is not before us on appeal.

November 2002, he was granted service connection for a bilateral hip disorder, and each hip was assigned a separate 10% disability rating. Mr. Pinckney filed an appeal requesting increased disability ratings in April 2003.

In August 2003, the Department of Veterans Affairs regional office ("RO") denied Mr. Pinckney's separate claim of service connection for hemorrhoids. Mr. Pinckney appealed that decision to the Board. The Board consolidated Mr. Pinckney's appeals, conducted a personal hearing, and remanded the case for additional evidentiary and procedural development, including new medical examinations regarding Mr. Pinckney's bilateral hip and hemorrhoid claims. After obtaining additional medical records and examinations, the RO maintained its decision to deny Mr. Pinckney's claims for service connection for hemorrhoids and increased disability ratings for his service-connected right and left hip disorders.

Mr. Pinckney again appealed to the Board, which affirmed. [3] The Veterans Court agreed, concluding that the Board's findings on Mr. Pinckney's claims regarding his hemorrhoids and hip disorders were not clearly erroneous. Mr. Pinckney now appeals to this court.

## DISCUSSION

This court's review of Veterans Court decisions is strictly limited by statute. Under 38 U.S.C. § 7292(a), we

---

[3] As Mr. Pinckney notes in his briefs, the Board's decision also remanded his claims for service connection for spina bifida and an increased disability rating for a service-connected lumbar spine disorder. The Veterans Court declined to address those claims because they were not the subject of a final Board decision. *Pinckney*, 2010 WL 3934369, at *1 n.1. Accordingly, those claims are not properly before us on appeal.

may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Unless an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Giving Mr. Pinckney's extensive informal briefs, including the evidentiary appendix, the broadest latitude, we identify the following issues as constituting Mr. Pinckney's bases for this appeal: (1) the Board and Veterans Court erroneously interpreted 38 C.F.R. §§ 3.102, 3.103, 3.156(b), 4.1-4.3, 4.27, 4.40-4.45, and 4.59; (2) Mr. Pinckney's right to due process was violated by (i) the RO's failure to obtain certain records, (ii) the RO's failure to comply with the Board's remand instructions, and (iii) the RO's reliance on inadequate medical examinations; (3) the Board and Veterans Court should have found that the RO violated its duty to notify Mr. Pinckney of required information and evidence; and (4) the Board and Veterans Court erred in determining that the diagnostic codes assigned to his hip disorders were adequate.

In reviewing appeals from the Veterans Court, we must distinguish between cases with issues which are questions of legal interpretation over which we have jurisdiction, from cases in which the questions challenge a law or regulation as applied to the facts of the particular case, cases which by statute we may not review. We have considered each of Mr. Pinckney's arguments and conclude that, although they can be framed as constitutional issues or as challenges to the Veterans Court's interpretation of a law or regulation, in fact the issues are not

constitutional and the arguments actually challenge factual conclusions reached by the Board, or the application of laws and regulations to the facts of this particular case. Because we may not review these types of challenges, *see* 38 U.S.C. § 7292(d)(2), we dismiss Mr. Pinckney's appeal for lack of appellate jurisdiction.

**DISMISSED**